**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JAZLYN CASTILLO-QUIÑONES<br><br>**Plaintiff**<br><br>v.<br><br>HOSPITAL DE LA CONCEPCIÓN, INC. d/b/a HOSPITAL DE LA CONCEPCIÓN; *et al.*<br><br>**Defendants** | **CIVIL NO.** 18-1724(RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is co-defendant Dr. Juan Méndez's ("Dr. Méndez" or "Defendant") *Motion for Summary Judgment for Lack of Jurisdiction* ("*Motion for Summary Judgment*"). (Docket No. 102). After reviewing the parties' arguments, the record on summary judgment, and the applicable law, the Court hereby **DENIES** Defendant's *Motion for Summary Judgment*.

**I. BACKGROUND**

The present case arises from an alleged medical malpractice which resulted in Mr. Luis Castillo-Morales' ("Mr. Castillo-Morales") unfortunate death. (Docket No. 33 ¶ 24). On September 26, 2018, Mr. Castillo-Morales' daughter Jazlyn Castillo-Quiñones ("Castillo" or "Plaintiff") filed a lawsuit against Hospital de la Concepcion, Inc., various physicians, their spouses and conjugal

partnerships, as well as unnamed insurance companies. (Docket No. 1). In the operative complaint, Plaintiff alleges diversity jurisdiction and seeks: (1) emotional and mental damages in excess of $1 million for the loss of her father; and (2) compensation for the psychological, psychiatric and/or other medical expenses which she has incurred, totaling at least $25,000.00. (Docket No. 33 ¶¶ 44, 46).

On September 7, 2020, co-defendant Dr. Méndez filed a *Motion for Summary Judgment* alleging that the Court lacks jurisdiction because Plaintiff cannot meet 28 U.S.C. § 1332(a)'s amount in controversy requirement of $75,000.00 exclusive of interests and costs. (Docket No. 102). He contends that, pursuant to Castillo's deposition testimony, Plaintiff did not have a close enough relationship with her father to warrant over $75,000.00 in damages.[1] On their part, co-defendants Hospital de la Concepción, Inc. and Dr. Kalil Maloff-Saied requested, and were granted, joinder in Dr. Méndez's *Motion for Summary Judgment*. (Docket Nos. 103, 104, 105 and 106).

In response, Plaintiff filed an *Opposition to Motion for Summary Judgment* and *Opposing Statement of Material Facts*, supported by a statement under penalty of perjury, where she

---

[1] To support this, Dr. Méndez highlights, among other things, that (1) Plaintiff did not live with her father during her childhood; (2) for the past eight years, she lived in the state of Florida and thus would only see her father during her yearly visits to Puerto Rico; and (3) she did not pay for or attend her father's funeral. (Docket No. 102).

maintains she had a close relationship with her father and that his death caused her severe mental anguish. (Docket Nos. 107 and 108).

## II. DISCUSSION

Jurisdiction pursuant to diversity of citizenship lies only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). According to First Circuit precedent, the burden is on the federal plaintiff "to establish that the minimum amount in controversy has been met." Abdel-Aleem v. OPK Biotech, LLC, 665 F.3d 38, 41 (1st Cir. 2012) (citing Stewart v. Tupperware Corp., 356 F.3d 335, 337 (1st Cir. 2004)).

The sums claimed in the complaint control "if the claim is apparently made in good faith." Id. Said good faith must be measured objectively. Id. When conducting this analysis, courts must determine "whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth more than the jurisdictional minimum." Id. (internal quotations omitted). *See also* Coventry Sewage Assoc. v. Dworkin Realty Co., 71 3d. 1, 6 (1st Cir. 1995).

The Supreme Court has also established that the rule governing dismissal for lack of the jurisdictional amount is that, when the claim is made in good faith, **"[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount**

**to justify dismissal**." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938) (emphasis added); see also Esquilin-Mendoza v. Don King Prods., Inc., 638 F.3d 1, 4 (1st Cir. 2011) (finding that "whether the plaintiff exercised good faith in pleading entitlement to recover the jurisdictional amount [is irrelevant] when it is clear 'to a legal certainty' that [they] cannot recover a sufficient amount.") (citing St. Paul, 303 U.S. at 288-289).

Upon a challenge to whether the complaint's allegations of damages meet the jurisdictional amount, the party invoking federal jurisdiction has "**the burden of alleging with sufficient particularity facts that it is not a legal certainty that the claim involves less than the jurisdictional amount**." Abdel-Aleem, 666 F.3d at 42 (emphasis added) (quoting Stewart, 356 F.3d at 338). "This burden can be met by amending the pleadings or **submitting affidavits**." Id. (emphasis added) (citing Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.3d 84, 88 (1st Cir. 1991)).

In the case at bar, Castillo meets this burden. The nature of her relationship with her late father, as well as the severity of her pain after his passing, which are described in both Plaintiff's deposition testimony and statement under penalty of perjury, are sufficient to show that "it is **not a legal certainty that [her] claim involves less than the jurisdictional amount**." Abdel-Aleem,

666 F.3d at 42 (emphasis added). Specifically, in her deposition Castillo detailed: (a) how her father provided her with emotional *and* financial support; (b) the shock she felt upon learning of his death in September 2017; and (c) how she could not travel to Puerto Rico for his funeral because of the chaos of Hurricane María. (Docket Nos. 102-2).

Furthermore, under Puerto Rico caselaw, courts have traditionally "awarded moral damages to the parents, spouses, commonlaw spouses, ex-spouses, **sons and daughters**, and siblings of a deceased." Lopez Nieves v. Marrero Vergel, 939 F. Supp. 124, 126 (D.P.R. 1996) (emphasis added) (collecting cases from the Puerto Rico Supreme Court). "Because of the natural affective relationship that presumably exists between these type [sic] of claimants and the deceased, it is evident that the loss of a next of kin will cause profound moral damages." Id. *See also* Rivera Concepcion v. Pepsi Cola of Puerto Rico, 288 F. Supp. 2d 167, 173 (D.P.R. 2003)(holding that those related by blood ties to a deceased will foreseeably "suffer for the loss of said loved one because they are deprived of their love, care, attention and company."); Santana Otero v. United States, 2009 WL 10721032 (D.P.R. 2009) (awarding $200,000.00 in damages for mental distress and loss of companionship to an adult son who lived in the continental United States and thus was not present when his father was subject to medical malpractice).

Case 3:18-cv-01724-RAM   Document 156   Filed 06/15/21   Page 6 of 6

Civil No. 18-1724(RAM)                                                 6

Thus, for the reasons set forth herein, Defendant's *Motion for Summary Judgment for Lack of Jurisdiction* at Docket No. 102 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 15th day of June 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
